UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20651-CIV-LENARD/O'SULLIVAN

[CONSENT]

KENNETH D. HUMPHREY,

    Plaintiff,

v.

JANET NAPOLITANO, Secretary,
United States Department of Homeland
Security, et al.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion to Dismiss (DE# 14, 4/27/11). After hearing argument and carefully considering the pleadings, the Court file and the applicable law, the undersigned recommends that the Defendant's Motion to Dismiss (DE# 14, 4/27/11) be GRANTED in part on the grounds set forth below. Accordingly, it is

ORDERED AND ADJUDGED that

1. Counts I (race discrimination), III (age discrimination) and V (conspiracy to obstruct justice) are dismissed without prejudice;

2. Counts II (retaliation) and IV (False Claims Act and Whistleblower Act) are dismissed with prejudice in this Court due to the plaintiff's failure to exhaust his administrative remedies; and

3. Counts I through V are dismissed with prejudice as to the defendant, EEOC, only.

## BACKGROUND

The *pro se* plaintiff, Kenneth D. Humphrey, was employed as a U.S. Customs and Border Protection Officer from January 2000 to May 2010. On December 8, 2008, the plaintiff logged an EEO claim against Department of Homeland Security's ("DHS") actors initiating adverse actions against him regarding a November 12, 2008 activity. On February 22, 2009, he filed a formal EEOC Complaint relating to conduct that took place in November 2008. On March 18, 2009, his employer notified him that the following claims were accepted for investigation:

> Whether Customs and Border Protection discriminated against Complainant, CBP Officer, GS-1895-11, assigned to the Miami International Airport, Miami, FL based on his race/national origin/color (African American/Black) and age (Date of Birth: April 26, 1945) when: (1) on or around November 12, 2008, he was removed from field duties with the Anti-Terrorism Contraband Enforcement Team (AT-CET), assigned desk duties and not permitted to work overtime in the field; (2) on or around January 21, 2009, he was notified that his bid rotation was denied; and (3) on February 1, 2009, he was assigned to Passenger Control.

In its claim construction letter, CBP notified the plaintiff that "[i]f he disagree[d] with the issues" identified, he was to notify the CBP "in writing within 15 days" and "[i]f no response was received," CBP would "assume that [the plaintiff] agree[d] with the issues and w[ould] proceed with the investigation of the complaint." Def.'s Motion to Dismiss, Ex. 2, CBP's Mar. 18, 2009 Ltr. (DE# 14-1 and 14-2, 4/27/11). The plaintiff did not respond to the CBP's claim construction letter, offered no amendments to his formal EEO complaint, and proceeded with administrative litigation of his EEO claims. On June 9, 2009, he was permitted to request an official EEOC hearing. On November 16, 2009, an administrative judge from the Miami District of the EEOC issued a decision without a hearing that determined that the plaintiff failed to prove his claims. DHS issued a Final Order on December 5, 2010, that adopted the administrative judge's

2

findings.

On February 25, 2011, the plaintiff filed the present action against Janet Napolitano, Secretary, U.S. Customs and Border Protection ("CBP"), Department of Homeland Security, and Jaqueline A. Berrien, Chair, U.S. Equal Employment Opportunity Commission ("EEOC"). (DE# 1, 2/25/11).  In his complaint, the plaintiff alleges five counts.  Count I alleges discrimination in violation of the Civil Rights Act of 1964, Equal Employment Opportunities and the Civil Rights Act of 1991.  Count II alleges retaliation in violation of the provisions of the Civil Rights Act of 1964 and the Federal Employee Anti-Discrimination and Retaliation Act of 2002.  Count III alleges age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Vietnam Era Veterans Readjustment Assistance Act of 1974 ("VEVRAA").  Count IV alleges violations of the False Claims Act and the Whistleblower Protection Act of 1989. Count V alleges a conspiracy to interfere with civil rights in violation of the Conspiracy to Obstruct Justice Act.  The plaintiff seeks compensatory and punitive damages as well as injunctive relief.

In Defendants' Motion to Dismiss (DE# 14, 4/27/11), the defendants seek dismissal of the complaint in its entirety.  The defendants argue six grounds for dismissal.  First, sovereign immunity bars the plaintiff's claims against the EEOC. Second, the plaintiff fails to state a claim under the False Claims Act because he is not bringing an action on behalf of the United States and has not alleged any fraud committed against the United States. Third, the plaintiff has failed to exhaust his administrative remedies pursuant to the Whistleblower Protection Act of 1989 and even if he did, the plaintiff fails to allege any protected disclosure sufficient to state a whistleblower claim.  Fourth, the plaintiff fails to state a claim under the Conspiracy to

Obstruct Justice Act because he fails to allege any facts to support a "conspiracy" by two or more people to discriminate against him or individuals in his racial and/or age classification.  Fifth, the plaintiff failed to exhaust his administrative remedies on his claim of retaliation and even if he did, the plaintiff fails to state a claim of retaliation because the plaintiff: 1) fails to allege any retaliatory action post-dating the filing of his EEO complaint; 2) fails to allege any facts by which this Court could conclude that any of the plaintiff's colleagues, especially CBP's decision makers, were even aware of his verbal request for EEO counseling and retaliated against him in response; 3) fails to allege any facts that would constitute adverse employment actions; and 4) fails to allege any facts that establish a causal connection between his verbal request for EEO counseling and CBP's investigation of the events of November 12, 2008, particularly when the plaintiff concedes that the CBP's investigation commenced prior to the plaintiff's request for EEO counseling.  Sixth, the plaintiff does not state a claim for disparate treatment because the plaintiff fails to allege that similarly situated individuals outside his protected group engaged in similar conduct, but received more favorable treatment under the same circumstances.  The defendants contends that all of these grounds warrant dismissal of the plaintiff's complaint in its entirety.

## DISCUSSION

### The Standard of Review for a Motion to Dismiss

In deciding a motion to dismiss, the Court's analysis is generally limited to the four corners of the plaintiff's complaint and the attached exhibits.  Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000); Caravello v. American Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004). The Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the

plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); Caravello, 315 F. Supp. 2d at 1348 (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999)(en banc)). To survive a motion to dismiss, the complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In a *pro se* action such as this, the Court construes the complaint more liberally than it would pleadings drafted by an attorney. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, _ U.S. _, 129 S. Ct. 1937, 1950 (2009). The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds* by Davis v. Scheuer, 468 U.S. 183 (1984); Taylor v. Ledbetter, 818 F.2d 791, 794 n.4 (11th Cir. 1987), cert. denied, 489 U.S. 1065 (1989).

## Analysis

**A.    Sovereign Immunity Bars the Claims against the EEOC.**

The defendants argue that the EEOC should be dismissed as a defendant in this action because the EEOC was not the plaintiff's employer and the EEOC did not waive sovereign immunity. Motion to Dismiss at 4 (DE# 14-1, 4/27/11). "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The "Supreme Court has ruled sovereign immunity shields federal agencies from suit unless that agency waived sovereign immunity." Reeves v. DSI Sec. Servs., 331 F. App'x 659, 661 (11th Cir. 2009) (citing Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999)). In a suit against the

United States, a waiver of sovereign immunity is a "prerequisite for jurisdiction" and "must be unequivocally expressed in statutory text." United States v. Mitchell, 463 U.S. 206, 212 (1983) and Lane v. Pena, 518 U.S. 187, 192 (1996), respectively.  Because the sovereign immunity bars claims against the EEOC, all claims against the EEOC are DISMISSED.

**B.      Race and Age Discrimination (Counts I and III, Respectively)**

Title VII prohibits an employer from discharging or otherwise discriminating against a person based on the person's race, color, religion, sex, or national origin, or retaliating against an employee for reporting discrimination.  See 42 U.S.C. § 2000e, *et seq*.  The Age Discrimination in Employment Act ("ADEA") prohibits age discrimination in employment.

To "establish a *prima facie* case of disparate treatment, Plaintiff must demonstrate that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; and (3) his employer treated similarly situated employees outside of [his] protected class more favorably that [he] was treated." Smalley v. Holder, No. 09-21253-CV, 2011 WL 649355 * (S.D. Fla. Feb. 22, 2011) (citing Burke-Fowler v. Orange County, 447 F.3d 1319, 1323 (11th Cir. 2006)).  The defendant argues that the plaintiff's complaint fails to allege that similarly situated individuals outside his protected group engaged in similar conduct, but received more favorable treatment under the same circumstances.

The plaintiff's reliance on the Supreme Court's decision in Staub v. Proctor Hosp., 131 S. Ct. 1186 (2011), does not remedy his pleading deficiency.  In Staub, the Supreme Court reversed a judgment as a matter of law on a claim based on the Uniformed Services Employment and Reemployment Rights Act. In Staub, the

6

Supreme Court explained the liability of an employer for discriminatory animus by supervisors as follows: "[t]he employer is at fault because one of its agents committed an action based on discriminatory animus that was intended to cause, and did in fact cause, an adverse employment decision." Id. at 1193.  Likewise, the plaintiff's reliance on EEOC v. BCI Coca-Cola Bottling Co. of La., 450 F.3d 476 (10th Cir. 2006), and Martin v. Toledo Cardiology Consultants, Inc., 548 F.3d 405 (6th Cir. 2008), is misplaced.  In these two cases, the appellate courts reversed summary judgments based on findings that fact issues existed on the plaintiffs' discrimination claims.

None of the plaintiff's cases address discrimination claims in the context of a motion to dismiss.  This Court agrees with the defendant that this pleading deficiency warrants dismissal of the plaintiff's discrimination claims.  See Hopkins v. Saint Lucie County Sch. Bd., 399 F. App'x 563, 566 (11th Cir. 2010) (affirming dismissal of *pro se* complaint alleging disparate treatment when plaintiff "provide[d] no facts that would allow a court to infer that the school district treated those outside the class of African-American males more favorably"); Crawford v. City of Tampa, 397 F. App'x 621, 623 (11th Cir. 2010) (affirming dismissal of *pro se* complaint alleging disparate treatment when plaintiff "failed to identify appropriate comparators whose treatment would indicate race-based disparity") (citations omitted).  The defendant's motion to dismiss Count I and Count III is GRANTED and the race and age discrimination claims in Counts I and III, respectively, are DISMISSED without prejudice.

**C.    Retaliation Claim (Title VII) (Count II)**

    1.    Exhaustion of Remedies

The plaintiff has failed to exhaust his remedies to assert a retaliation claim because he failed to include it in his EEO charge and complaint.  "[A] federal employee

7

must exhaust h[is] administrative remedies" before filing a Title VII action. Andrews-Willmann v. Paulson, 287 F. App'x 741, 745 (11th Cir. 2008) (citing Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999); 42 U.S.C. § 2000e-16(c)). "The purpose of [requiring the] exhaustion of remedies [of administrative remedies] is to give [an] agency the information it needs to investigate and resolve the dispute between the employee and the employer." Wade v. Sec'y of Army, 796 F.2d 1369, 1377 (11th Cir. 1986).

The plaintiff filed his formal EEO Complaint in February 2009. In March 2009, the defendant provided a claim construction letter that identified the claims accepted for investigation base on the plaintiff's complaint. The claim construction letter notified the plaintiff that "[i]f [he] disagree[d] with the issues," he was to notify CBP "in writing within 15 days of the date of receipt of th[e] letter" and "if no response was received," CBP would "assume that [the plaintiff] agree[d] with the issues and w[ould] proceed with the investigation of the complaint." The plaintiff did not respond to the claim construction letter, offered no amendments to his formal EEO complaint, and proceeded with an administrative litigation of his EEO claims. The plaintiff never raised the retaliation claim at the administrative level. Because the plaintiff did not exhaust his administrative remedies, the Court grants the defendant's motion to dismiss the plaintiff's retaliation claim (Count II). See Paulson, 287 F. App'x at 744, 746 (affirming judgment for the government on plaintiff's retaliation claim due to failure to exhaust administrative remedies); Ramon v. AT&T Broadband, 195 F. App'x 860, 866 (11th Cir. 2006) (affirming district court's finding that plaintiff did not exhaust her administrative remedies on her claim of retaliation).

As in Paulson, the plaintiff received a claim construction letter that identified the

type of discrimination he was claiming and the specific actions that were being investigated.  Similarly, the plaintiff in Paulson was given an opportunity to object to the characterization of the claims identified in the claim construction letter, but chose not to.  As in Paulson, the plaintiff's retaliation claim at bar is subject to dismissal for failure to exhaust his administrative remedies.  The defendant's motion to dismiss the plaintiff's retaliation claim (Count II) is GRANTED and the plaintiff's retaliation claim is DISMISSED with prejudice because the time period to exhaust administrative remedies has expired.

**D.     False Claims Act Claim (Count IV) and Whistleblower Claim (Count IV)**

False Claims Act

The False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq., authorizes the United States, or private citizens on behalf of the United States, to recover treble damages from those who knowingly make false claims for money or property upon the United States, or who submit false information in support of such claims. "The purpose of the [FCA] is ... to discourage fraud against the government."  See Neal v. Honeywell, 826 F. Supp. 266, 269 (N.D. Ill. 1993), aff'd., 33 F.3d 860 (7th Cir. 1994). The defendant seeks dismissal of the plaintiff's False Claims Act claim (Count IV).  The plaintiff is not bringing an action on behalf of the United States and makes no allegations of fraud in his complaint.  See Ercole v. LaHood, No. 07-CV-2049 (JFB) (AKT), 2011 WL 1205137, at *13 (E.D.N.Y. Mar. 29, 2011) (dismissing *pro se* federal employee's FCA claim because plaintiff was "not bringing an action on behalf of the United States and ma[de] no allegations of fraud in his complaint"); Mack v. United States Postal Servs., No. 92-CV-0068 (FB), 1998 WL 546624, at *7 (E.D.N.Y. Aug. 26, 1998) (rejecting and dismissing *pro se* federal employee's FCA claim as not having been brought "on behalf of the

9

government"). The Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 1213 and 2302, "provide[s] the exclusive remedy for federal employees who suffer retaliation as a result of whistle blowing. ... [F]ederal employees can not assert claims under [the FCA]." Daly v. Dep't of Energy, 741 F. Supp. 202 (D. Colo. 1990) (citing Premachandra v. United States, 739 F.2d 392 (8th Cir. 1984) (affirming dismissal of plaintiff's wrongful termination suit under the Federal Tort Claims Act); see Coe v. N.L.R.B., 40 F. Supp. 2d 1049, 1053 (E.D. Wis. 1999) (Title VII of the Civil Rights Act of 1964, as amended, and the CSRA provide the exclusive remedies for federal employees with employment discrimination claims and nondiscriminatory employment claims, respectively). The defendant's motion to dismiss the FCA claim in Count IV is GRANTED and the False Claims Act claim in Count IV is DISMISSED with prejudice in this Court.

Whistleblower Claim (Count IV)

The Whistleblower Protection Act of 1989 ("WPA") "provides protection to federal employees against agency reprisal for whistleblowing activities, such as disclosing illegal conduct, gross mismanagement, gross waste of funds, or acts presenting substantial dangers to health and safety." Hendrix v. Snow, 170 Fed. App'x 68, 78 (11th Cir. 2006) (citing 5 U.S.C. §2302(b)(8)). The "Civil Service Reform Act ("CSRA") provides the exclusive remedy for claims brought pursuant to the WPA." Fleeger v. Principi, 221 F. App'x 111, 115 (3d Cir. 2007) (citing Richards v. Kiernan, 461 F.3d 880, 885-86 (7th Cir. 2006); accord Hendrix, 170 Fed. App'x at 78-79.

The CSRA requires the employee to file a claim alleging a WPA violation with the Office of Special Counsel ("OSC"), which investigates the claim. If the OSC finds a violation, it may petition the United States Merit Systems Protection Board ("MSPB") on behalf of the employee. Hendrix, 170 Fed. App'x at 79 (citing 5 U.S.C. §§ 7703). The

10

MSPB's decision is appealable to the United States Court of Appeals for the Federal Circuit.  Id.; accord Best v. Adjutant Gen., State of Florida, Dept. of Military Affairs, 400 F.3d 889, 891-92 (11th Cir. 2005) (conveying appellate jurisdiction to the "Federal Circuit").

"The only way that an agency decision under the WPA may be reviewed by a federal court, other than the Federal Circuit, is if the plaintiff has filed a 'mixed case' complaint - that is, a complaint that raises, in addition to claims under the CSRA like whistleblowing, issues under various anti-discrimination statutes." Fleeger, 221 F. App'x at 115 (citing 5 U.S.C. § 7703(b)(2)).  "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." Id. at 116 (quoting Stella v. Mineta, 284, F.3d 135, 142 (D.C. Cir. 2002)).

    1.    Exhaustion of Remedies

"When motions to dismiss are based on issues not enumerated under Rule 12(b), such as here, then Federal Rule of Civil Procedure 43(c) governs and 'permits courts to hear evidence outside the record on affidavits submitted by parties.'" Gordon v. Ghaly, Case No. 10-cv-952-Orl-31DAB, 2011 WL 915577 * 3 (M.D. Fla. March 16, 2011)(quoting Brown v. Darr, 2010 WL 1416522, at * 3 (M.D. Ga. 2010) (quoting Bryant v. Rich, 530 F.3d 1368, 1377 n. 16 (11th Cir. 2008)).  "[T]he judge may resolve factual questions concerning a plaintiff's alleged failure to exhaust nonjudicial remedies, 'so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.'" Id. (quoting Bryant, 530 F.3d at 1376) (footnote omitted).

As in Fleeger and Hendrix, the plaintiff in the present action has failed to exhaust

11

his administrative remedies because he did not raise a whistleblower claim in his administrative proceedings. In Fleeger, the court dismissed the WPA claim because the plaintiff did not pursue a WPA claim and did not exhaust her remedies. Id. at 115. In Hendrix, the Eleventh Circuit affirmed the district court's summary judgment in favor of the defendant on the plaintiff's WPA claims for failing to exhaust her administrative remedies. Because the plaintiff did not raise his WPA claim before filing his federal action, the undersigned concludes that he failed to exhaust his administrative remedies and dismisses his WPA claim. Even if he did, which he did not, the plaintiff failed to allege any protected disclosure. See Yost v. Dep't of Health and Human Servs, 4 F. App'x 900, 902 (Fed. Cir. 2001) (citing 5 U.S.C. §§ 1221(e)(1), 2302(b)(8)). "A protected disclosure is a disclosure which an employee reasonably believes evidences '(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.'" Id. at 902 (citing 5 U.S.C. § 2302(b)(8)).

    2.    No Protected Disclosure

In the present case, the plaintiff failed to allege any protected disclosure or adverse employment action in response to that disclosure sufficient to state a WPA claim. See Floyd v. United States Dep't of Homeland Sec., No. RDB-09-0735, 2009 WL 3614830, at *3 (D. Md. Oct. 27, 2009) (dismissing WPA claim for lack of exhaustion).

The motion to dismiss the plaintiff's Whistleblower claim is GRANTED and the Whistleblower claim in Count IV is DISMISSED with prejudice in this Court.

**E.**    **Conspiracy to Obstruct Justice Act (Count V)**

The Conspiracy to Obstruct Justice Act has three specific sections: 1) protection

against conspiracies to prevent "officers from performing duties;" 2) protection against conspiracies to intimidate a party, witness or juror from attending or testifying in federal court; and 3) protection against a conspiracy to deprive "persons or rights or privileges." 42 U.S.C.§ 1985 (1)-(3).  Plaintiff attempts to state a claim under section 3.  In Griffin v. Breckenridge, 403 U.S. 88, 102 (1971), the Supreme Court held that section 1985(3) addresses only those conspiracies which are motivated by "racial, or perhaps otherwise class-based, invidiously discriminatory animus."  Section 1985(3) does not create a general federal tort law.  Id.  The overt acts in furtherance of the conspiracy must be pled with specificity.  Larson v. School Board of Pinellas County, Florida, 820 F. Supp. 596, 600 (M.D. Fla. 1993).

To "state a claim under [42 U.S.C.] § 1985(3), a plaintiff must allege: 1) defendants engaged in a conspiracy; 2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States." Jimenez v. Wellstar Health Sys., 596 F.3d 1304, 1312 (11th Cir. 2010) (citing Johnson v. City of Fort Lauderdale, 126 F.3d 1372, 1379 (11th Cir. 1997)).  "The core of a conspiracy claim is an agreement between the parties; thus, where the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal."  Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 f.2d 1112, 1122 (11th Cir. 1992). To show the second element, the plaintiff must show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 628 (11th Cir. 1992)

13

(citation omitted); see Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002) (requiring allegations supporting an "invidious discriminatory intent").

The conspiracy claim (Count V of the plaintiff's Complaint) consists of an incorporation of all prior paragraphs of the Complaint as well as a single additional paragraph that provides a general and conclusory allegation of conspiracy. See, e.g., Complaint ¶¶ 22, 45 that are incorporated into Count V. No injury is alleged in Count V. The "shotgun pleading" is insufficient. "[W]here a plaintiff merely alleges 'conclusory, vague or general allegations of conspiracy,' dismissal of the conspiracy claim may be proper." Mickens v. Tenth Judicial Circuit, 181 F. App'x 865, 876 (11th Cir. 2006) (citing Kearson v. Southern Bell Telephone and Telephone Co., 763 F.2d 405, 407 (11th Cir. 1985)).

Although the plaintiff's *pro se* Complaint is entitled to a liberal construction by the Court, the allegations fail to allege any facts to support a conspiracy by two or more people with an invidiously discriminatory animus towards him or individuals in his racial and/or age classification. See, e.g., Mickens v. Tenth Judicial Circuit, 181 F. App'x 865, 876 (11th Cir. 2006) (affirming the dismissal of a sub-section 1985(3) conspiracy claim because the plaintiffs "failed to allege with specificity an agreement between the defendants to deprive the [plaintiffs] of their rights"); Artubel v. Colonial Bank Group, Inc., No. 8:08-cv-179-T-23MAP, 2008 3411785, at *13 (M.D. Fla. Aug. 8, 2008) (dismissing conspiracy claim when "complaint fail[ed] to allege facts sufficient to support an inference of race-based animus"). The defendant's motion to dismiss the plaintiff's Conspiracy to Obstruct Justice Act claim (Count V) is GRANTED and Count V is DISMISSED without prejudice. The plaintiff may file an amended complaint on or before October 25, 2011. The failure to file an amended complaint on or before

October 25, 2011 will result in the dismissal of this action in its entirety.

DONE AND ORDERED in Miami, Florida, this <u>28th</u> day of September, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record
Kenneth D. Humphrey, *pro se*