UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20651-CIV-O'SULLIVAN

[CONSENT]

KENNETH D. HUMPHREY,

    Plaintiff,

v.

JANET NAPOLITANO, Secretary,
United States Department of Homeland
Security,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion for Summary Judgment and Incorporated Statement of Material Facts and Memorandum of Law (DE# 37, 11/29/11). Having reviewed the motion, the response, the reply and evidence in the record as well as applicable law, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment and Incorporated Statement of Material Facts and Memorandum of Law (DE# 37, 11/29/11) is GRANTED for the reasons set forth below.

## BACKGROUND

The *pro se* plaintiff, Kenneth D. Humphrey, was employed as a U.S. Customs and Border Protection Officer from January 2000 to May 2010. On December 8, 2008, the plaintiff logged an EEO claim against Department of Homeland Security's ("DHS") actors initiating adverse actions against him regarding a November 12, 2008 activity. On February 22, 2009, he filed a formal EEOC Complaint relating to conduct that took

place in November 2008.  On March 18, 2009, his employer notified him that the following claims were accepted for investigation:

> Whether Customs and Border Protection discriminated against Complainant, CBP Officer, GS-1895-11, assigned to the Miami International Airport, Miami, FL based on his race/national origin/color (African American/Black) and age (Date of Birth: April 26, 1945) when: (1) on or around November 12, 2008, he was removed from field duties with the Anti-Terrorism Contraband Enforcement Team (AT-CET), assigned desk duties and not permitted to work overtime in the field; (2) on or around January 21, 2009, he was notified that his bid rotation was denied; and (3) on February 1, 2009, he was assigned to Passenger Control.

Def.'s Motion to Dismiss, Ex. 2, CBP's Mar. 18, 2009 Ltr. (DE# 14-1 and 14-2, 4/27/11). On June 9, 2009, the plaintiff was permitted to request an official EEOC hearing.  On November 16, 2009, an administrative judge from the Miami District of the EEOC issued a decision without a hearing that determined that the plaintiff failed to prove his claims.  DHS issued a Final Order on December 5, 2010, that adopted the administrative judge's findings.

On February 25, 2011, the plaintiff filed the present action against Janet Napolitano, Secretary, U.S. Customs and Border Protection ("CBP"), Department of Homeland Security, and Jaqueline A. Berrien, Chair, U.S. Equal Employment Opportunity Commission ("EEOC"). (DE# 1, 2/25/11).  On September 28, 2011, the Court granted in part the defendant's motion to dismiss.  All claims against the EEOC were dismissed.  (DE# 29) On October 13, 2011, the plaintiff filed his Amended Civil Complaint and Demand for Jury Trial.  (DE# 32) Only three counts in the Amended Complaint remain: Count I (race discrimination), Count II (age discrimination) and Count III (conspiracy to obstruct justice).  Count I alleges discrimination in violation of the Civil Rights Act of 1964, Equal Employment Opportunities and the Civil Rights Act of 1991.

Count II alleges age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Vietnam Era Veterans Readjustment Assistance Act of 1974 ("VEVRAA"). Count III alleges a conspiracy to interfere with civil rights in violation of the Conspiracy to Obstruct Justice Act. The plaintiff seeks compensatory and punitive damages as well as injunctive relief.

In the Defendant's Motion for Summary Judgment and Incorporated Statement of Material Facts and Memorandum of Law (DE# 37, 11/29/11), the defendant seeks judgment as a matter of law on Counts I, II and III.

## DISCUSSION

### I.  Standard of Review on Motion for Summary Judgment

The court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56( c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a

genuine issue of material fact.'" U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994); Sheckells v. Agv-Usa Corp., 987 F.2d 1532, 1534 (11th Cir. 1993); Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir. 1990); Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368 (11th Cir. 1982); Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)(per curiam). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997). If the record presents factual issues, the court must deny the motion and proceed to trial. Adickes, 398 U.S. at 157; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex,

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323.  Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  There must be evidence on which the jury could reasonably find for the non-movant.  Anderson, 477 U.S. at 251; Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The plaintiff in the instant case is not represented by counsel. The Court should construe pro se pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. Hughes v. Loft, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587) (other citations omitted).

**II.    Analysis**

    **A.    Race and Age Discrimination (Counts I and II, Respectively)**

Title VII prohibits an employer from discharging or otherwise discriminating against a person based on the person's race, color, religion, sex, or national origin, or retaliating against an employee for reporting discrimination. See 42 U.S.C. § 2000e, *et seq*. The Age Discrimination in Employment Act ("ADEA") makes it illegal to discriminate on the basis of age against any employee who is at least 40 years old. See 29 U.S.C. § 623(a), 631(1). The Supreme Court ruled that a plaintiff claiming age discrimination under the ADEA "must prove that age was the 'but-for' cause of the

5

employer's adverse decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009).

To "establish a *prima facie* case of disparate treatment, Plaintiff must demonstrate that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; and (3) his employer treated similarly situated employees outside of [his] protected class more favorably that [he] was treated." Smalley v. Holder, No. 09-21253-CV, 2011 WL 649355 * (S.D. Fla. Feb. 22, 2011) (citing Burke-Fowler v. Orange County, 447 F.3d 1319, 1323 (11th Cir. 2006)).

### 1. No Adverse Employment Action

Under Supreme Court authority, "tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998); Webb-Edwards v. Orange County Sheriff's Office, 525 F.3d 1013, 1031 (11th Cir. 2008); see Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001) ("[A]n employee must show a *serious and material change* in the terms, conditions or privileges of employment.")(emphasis in original).

Many courts hold that an investigation that does not lead to any action taken against the employee is not an adverse employment action sufficient to state a claim for disparate treatment. See, e.g., Diaz v. Miami Dade County, No. 09-cv-21856, 2010 WL 3927751, at *7 n.9 (S.D. Fla. Aug. 17, 2010); Rademakers v. Scott, No. 2:07-cv-718, 2009 WL 3459196, at *2 (M.D. Fla. Jan. 22, 2009); Nichols v. S. Ill. Univ.-Edwardsville, 510 F.3d 772, 786-87 (7th Cir. 2007) (To be materially adverse, the employment action must be "something 'more disruptive than a mere inconvenience or an alteration of job

6

responsibilities.'") (quoting Rhodes v. Ill. Dep't of Transp., 359 F.3d 498, 504 (7th Cir. 2004)); Peltier v. United States, 388 F.3d 984, 988 (6th Cir. 2004).

The plaintiff's reliance on the Supreme Court's decision in Staub v. Proctor Hosp., 131 S. Ct. 1186 (2011), is misplaced. Staub is factually distinguishable. In Staub, the Supreme Court reversed a judgment as a matter of law on a claim based on the Uniformed Services Employment and Reemployment Rights Act. In Staub, the Supreme Court explained the liability of an employer for discriminatory animus by supervisors as follows: "[t]he employer is at fault because one of its agents committed an action based on discriminatory animus that was intended to cause, and did in fact cause, an adverse employment decision." Id. at 1193. In Staub, there was evidence that the plaintiff's supervisors' actions "were motivated by hostility toward Staub's military obligations." Id. at 1194. The actions of the plaintiff's supervisors allegedly caused the plaintiff to be fired. In the present case, the plaintiff was not fired and there is no evidence that the defendant had a discriminatory animus when it temporarily assigned the plaintiff to a desk job while it conducted the investigation.

It is undisputed that the plaintiff never lost rank or salary and was never disciplined as a result of his altercations with Continental Airlines and Miami-Dade employees. See Def.'s Statement of Material Facts ("SMF") No. 17 (DE# 37). The temporary transfer of the plaintiff to desk duty was not an adverse employment action because it did not result in disciplinary action or cause the plaintiff to lose rank or salary. Because the plaintiff was under investigation, he could not participate in the agency's annual bid rotation and was assigned "passenger processing," which is one of the agency's core operations under its existing policies. Id. at Nos. 15-16. The plaintiff

7

continued his employment for another year without incident and retired with a pension. Id. at No. 17.  Thus, the plaintiff has not satisfied the adverse employment action requirement of a discrimination claim.  Summary judgment is warranted on the plaintiff's race and age discrimination claims (Counts I and II, respectively) because the plaintiff cannot establish a *prima facie* claim of discrimination.

2. Comparators Not Similarly Situated

The plaintiff failed to specifically identify any employees – not of his race or age classification – who were treated differently based on nearly identical disciplinary conduct as is required to state a *prima facie* claim of disparate treatment. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999); Escarra v. Regions Bank, No. 09-11073, 353 F. App'x 401, 404 (11th Cir. 2009).  In Brown, the Eleventh Circuit affirmed summary judgment in favor of the employer.  The Eleventh Circuit explained that "'[i]n determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.'" Brown, 171 F.3d at 1368 (quoting Jones v. Bessmer Carraway Med. Ctr., 137 F.3d 1306, 1311 (11th Cir.), opinion modified by 151 F.3d 1321 (1998) (quoting Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)).  "'The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed.'" Id. (internal quotations and citations omitted).  The Eleventh Circuit "requires that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Id. (citation omitted).

8

The plaintiff has failed to offer any evidence of CBP employees who had multiple verbal and physical altercations with non-employees of the defendant within a ten day period and who were not investigated for their conduct. The plaintiff has failed to establish that the defendant treated similarly situated employees – not of his race and age classification – more favorably than him. See, Brown, 171 F.3d at 1368; Horn v. United Parcel Services, Inc., 433 Fed. App'x 788, 794 (11th Cir. 2011) (affirming summary judgment in favor of the employer and finding that the district court did not err by rejecting Horn's comparators on the basis of material differences in rank, responsibilities, and supervisors). Thus, the plaintiff has failed to show a prima facie claim of discrimination. The defendant's motion for summary judgment on Count I (race discrimination) and Count III(age discrimination) is GRANTED.

3.  Legitimate, Non-Discriminatory Reasons

Under the McDonnell Douglas framework, if the plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate and non-discriminatory reason for its actions. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see E.E.O.C. v. Joe's Stone Crabs, 296 F.3d 1265, 1272 (11th Cir. 2002). If the employer does so, the presumption of discrimination is rebutted, and the burden of production shifts back to the plaintiff to offer evidence that the employer's alleged reason was pretext for unlawful discrimination. Joe's Stone Crabs, 296 F.3d at 1273. "The employer's burden under the second prong of the test is 'exceedingly light' and merely requires that the employer proffer a legitimate nondiscriminatory reason." Bradley v. Pfizer, Inc., 440 F. App'x 805,  (11th Cir. Sept. 9, 2011) (quoting Meeks v. Computer Assocs. Intern., 15 F.3d 1013, 1019 (11th Cir. 1994)). To meet the "burden under the third part of

9

the test, [a] plaintiff must disprove all legitimate nondiscriminatory reasons proffered by the employer." Bradley, 2011 WL 3962824, at *2 (citing Crawford v. City of Fairburn, Ga., 482 F.3d 1305, 1308 (11th Cir. 2007)). "If the non-moving party fails to make a sufficient showing as to any essential element of his case on which he has a burden of proof, the moving party is entitled to summary judgment as a matter of law." Bradley, 440 Fed. App'x at 807 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). "'Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record.'" Id. (quoting Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)).

If "'the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason, or showing that the decision was based on erroneous facts.'" Burgos-Stefanelli v. Sec'y, U.S. Dep't of Homeland Sec., 410 Fed. App'x 243, 247 (11th Cir. 2011) (quoting Chapman v. AI Transport, 229 F.3d 1012, 1030 (2000)). An employer's "reason is not pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." Saunders v. Emory Healthcare, Inc., 360 F. App'x 110, 114 (11th Cir. 2010) (citation omitted); Tarmas v. Sec'y of Navy, 433 F. App'x 754, 761 (11th Cir. 2011). Federal courts do not sit "'as a super-personnel department that reexamine an entity's business decisions.'" Porter v. Am. Cast Iron Pipe Co., 427 F. App'x 734, 736 (11th Cir. 2011) (quoting Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991)).

The defendant temporarily assigned the plaintiff desk duty during an investigation

of the two separate altercations with non-CBP employees within a ten-day period, one of which prompted the response of the Miami-Dade Police Department. Def.'s SMF Nos. 2-11. At least four separate individuals raised complaints regarding the plaintiff's conduct. Id. The nature of the complaints involved: 1) the wrongful detention of individuals, including other law enforcement personnel; 2) the physical harassment of individuals; 3) the violation of protocol; and 4) allegations of discriminatory treatment of employees of Hispanic national origin. The record shows that the defendant had legitimate non-discriminatory reasons for the plaintiff's temporary assignment to desk duty. The plaintiff has failed to show that the defendant's reasons for its decisions were false and that discrimination was the true motivation. See, Bentley, 2011 WL 5119522, at. *3 (affirming summary judgment for defendant because plaintiff "did not show that [defendant's] legitimate reasons for firing her – [i.e.] fraud and dishonesty and violating the leave policy – were a pretext for the unlawful discrimination" ). Here, even if the plaintiff established a prima facie claim of discrimination, which he did not, he failed to submit evidence to rebut the defendant's legitimate and non-discriminatory reason. The defendant is entitled to summary judgment on Count I (race discrimination) and Count II (age discrimination).

      **B.    Conspiracy to Obstruct Justice Act (Count V)**

The Conspiracy to Obstruct Justice Act has three specific sections: 1) protection against conspiracies to prevent "officers from performing duties;" 2) protection against conspiracies to intimidate a party, witness or juror from attending or testifying in federal court; and 3) protection against a conspiracy to deprive "persons or rights or privileges." 42 U.S.C.§ 1985 (1)-(3). Plaintiff attempts to state a claim under section 3 in his amended complaint. In Griffin v. Breckenridge, 403 U.S. 88, 102 (1971), the Supreme Court held

that section 1985(3) addresses only those conspiracies which are motivated by "racial, or perhaps otherwise class-based, invidiously discriminatory animus." Section 1985(3) does not create a general federal tort law. Id. The overt acts in furtherance of the conspiracy must be pled with specificity. Larson v. School Board of Pinellas County, Florida, 820 F. Supp. 596, 600 (M.D. Fla. 1993).

The defendant argues that the plaintiff's Conspiracy to Obstruct Justice Act claim fails as a matter of law because: (i) Title VII governs all claims of discrimination in the employment context; (ii) the intracorporate conspiracy doctrine – as applied to governmental entities – bars the plaintiff's claim of a conspiracy by defendant and its employees to violate the plaintiff's rights; and (iii) the plaintiff has failed to offer any evidence establishing a conspiracy by anyone to discriminate against him.

### 1. Title VII Governs Claims in the Employment Context that Are Not Based on Constitutional Violations

The Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976). The "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." Great Am. Fed. Savings & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979); see Jimenez v. Wellstar Heath Sys., 596 F.3d 1304, 1312 (11th Cir. 2010) ("[C]onspiracies to violate rights protected by Title VII cannot form the basis of § 1985(3) suits.") (citing Novotny, 442 U.S. at 378); cf. Dickerson v. Alachua County Com'n, 200 F.3d 761, 766 (11th Cir. 2000)("conclud[ing] that Title VII ... does not preempt a constitutional cause of action under § 1985(3)"). In Dickerson, however, the Eleventh Circuit held that the intracorporate conspiracy doctrine barred the § 1985(3) claim against

12

the defendant for interference with civil rights.

### 2. The Intracorporate Conspiracy Doctrine Bars Plaintiff's Conspiracy Claim

In <u>Dickerson</u>, the Eleventh Circuit held that the intracorporate conspiracy doctrine bars allegations of conspiracy between agents of the same organization. The doctrine applies in private industry as well as within governmental agencies:

> Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or within the corporation. This doctrine stems from basic agency principles that "attribute acts of the agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor." The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself. ... This doctrine has been applied not only to private corporations but also to public, government entities.

<u>Dickerson</u>, 200 F.3d at 767 (quoting <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 603 (5th Cir. Nov. 1981) (other internal citations and footnote omitted). In <u>Dickerson</u>, the Eleventh Circuit found that the plaintiff failed to "show an agreement between 'two or more persons' to deprive him of his civil rights." <u>Id</u>. (citing 42 U.S.C. § 1985(3)). See <u>Lapar v. Potter</u>, 395 F. Supp. 2d 1152, 1157 (M.D. Fla. 2005) (applying the doctrine and finding as a matter of law that no conspiracy could arise between the United States Postal Service and agents of the United States Postal Service and dismissing the conspiracy claim under the Conspiracy to Obstruct Justice Act).

In the present case, the plaintiff has failed to show any facts to support a conspiracy by two or more people with an invidiously discriminatory animus towards him or individuals in his racial and/or age classification. The defendant's motion for summary judgment

13

regarding the plaintiff's Conspiracy to Obstruct Justice Act claim (Count V) is GRANTED.

### C. Retaliation

In a prior Order (DE# 29, 9/28/11), this Court dismissed with prejudice the plaintiff's retaliation claim due to the plaintiff's failure to exhaust his administrative remedies.

DONE AND ORDERED in Miami, Florida, this 5th day of March, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record
Kenneth D. Humphrey, *pro se*