UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20651-CIV-O'SULLIVAN

[CONSENT]

KENNETH D. HUMPHREY,

    Plaintiff,

v.

JANET NAPOLITANO, Secretary,
United States Department of Homeland
Security,

    Defendant.
_____/

## ORDER

This matter is before the Court on the Defendant's Application for Taxation of Costs and Notice of Filing Bill of Costs (DE # 51, 3/6/12). This matter was referred to the undersigned for trial. Rule 7.1(c) of the Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. **Failure to do so may be deemed sufficient cause for granting the motion by default**.

S.D. Fla. L.R. 7.1(c) (emphasis added). On March 6, 2012, the defendant filed the instant motion. As of the date of this Order, no response has been filed with the Court. Accordingly, having carefully reviewed the filings and applicable law the undersigned enters the following Order.

## BACKGROUND

On February 25, 2011, the plaintiff filed the present action against Janet

Napolitano, Secretary, U.S. Customs and Border Protection ("CBP"), Department of Homeland Security, and Jaqueline A. Berrien, Chair, U.S. Equal Employment Opportunity Commission ("EEOC").  (DE# 1, 2/25/11).  On September 28, 2011, the Court granted in part the defendant's motion to dismiss.  All claims against the EEOC were dismissed.  (DE# 29).  On October 13, 2011, the plaintiff filed his Amended Civil Complaint and Demand for Jury Trial.  (DE# 32).  On March 5, 2012, the undersigned issued an Order granting summary judgment in favor of the remaining defendant.  (DE # 49).  On March 7, 2012, the undersigned entered a judgment in favor of the remaining defendant in this matter.  (DE # 52).

The defendant filed the instant motion on March 6, 2012.  (DE # 51).  As of the date of this Order there is no response from the plaintiff on the docket.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statute, the Federal Rules, or a court order provide otherwise.  See Fed. R. Civ. P. 54(d)(1).

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however.  Usually the litigant in whose favor judgement is rendered is the prevailing party for purposes of rule 54(d) . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.

Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)).  A presumption exists that the prevailing party is entitled to receive costs but allows the court to decide otherwise in its

2

discretion.  Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000).  A district court may deny full costs if there is a sound basis for such a decision and the reason is stated by the court. Id. at 1039; See also Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (citing Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir. 1984)); Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).  Also, "[w]hen challenging whether costs are taxable, the losing party bears the burden to demonstrate that a cost in not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party." Licausi v. Symantec Corp., No. 08-60544, 2009 WL 3177566 (S.D. Fla. Sept. 29, 2009) (citing Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005) and Desisto College, Inc. v. Town of Howey-in-the Hills, 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989), *aff'd*, 914 F.2d 267 (11th Cir. 1990).

Specifically, 28 U.S.C. § 1920 enumerates the costs that may be taxed at the discretion of the courts. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).  Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title; and

3

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).  The defendant is the prevailing party in the case at bar based on the court's entry of the Final Judgment.  The defendant is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920.

The defendant requests reimbursement for costs in the amount of $780.37.  Costs shall be awarded as outlined below.

### A. Fees for Service of Summons and Subpoena

The defendant requests $45.00 for fees associated with the service of summons and subpoena.  Specifically, the defendant requests a subpoena service fee of $45.00 for SLM Process Service for the cost of serving a third-party subpoena on the plaintiff's prior employer, American Airlines, Inc.  The $45.00 subpoena service fee is permitted under 28 U.S.C. § 1920 and is reasonable.  Because the plaintiff has failed to file a response to the Motion for Costs, the plaintiff has not objected to the award of this cost.  Accordingly, the defendant is awarded $45.00 for fees associated with the service of summons and subpoena.

<u>B. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case</u>

The defendant requests reimbursement in the amount of $735.37 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Specifically, the defendant requests $735.37 for the cost of the plaintiff's deposition. Reimbursement for the fees for printed or electronically recorded transcripts necessarily obtained for use in the case is permitted under 28 U.S.C. § 1920.  The undersigned finds that the deposition cost for which the defendant seeks reimbursement was necessary and is reasonable.  Because the plaintiff has failed to file a response to the Motion for Costs, the plaintiff has not objected to the award of this cost.  Accordingly, the defendant is awarded $735.37 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

In accordance with the above and foregoing, it is hereby

ORDERED AND ADJUDGED that the Defendant's Application for Taxation of Costs and Notice of Filing Bill of Costs (DE # 51, 3/6/12) is GRANTED and the defendant is awarded a total of **$780.37** in costs.

DONE AND ORDERED in Miami, Florida, this 24th day of April, 2012.

*/s/ John J. O'Sullivan*
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record
Kenneth D. Humphrey, *pro se*